PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 05/2015)

IN THE UNITED STATES DISTRICT COURT
FOR THE Southern DISTRICT OF TEXAS
Houston DIVISION

Timothy Randolph Wallace #894160
Plaintiff's Name and ID Number

2DCJ-CID
Montford unit - (B-2-38)
Place of Confinement

CASE NO. _____
(Clerk will assign the number)

v. Attorney General, (Commander-in-chief)
Ken Paxton
P.O. Box 12548
Austin, Texas 78711-2548
Defendant's Name and Address

Director, (chief of security), TDCJ-CID
Brad Livingston
P.O. Box 99
Huntsville, Texas 77342
Defendant's Name and Address

Director, (Internal affairs); (O.I.D.)
Leon Guinn
P.O. Box 4003
Huntsville, Texas 77342-4003
Defendant's Name and Address
( DO NOT USE "ET AL.")

William Gonzales, M.D.
Medical director
Texas Tech University
Health science center
3203 S. Loop 289
Suite 240
Lubbock, Texas 79423

Allan Polunsky, chairman
Texas criminal justice
policy council
P.O. Box 13332
Austin, Texas 78711-3332

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID); the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $50.00 for a total fee of **$400.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $50.00 administrative fee does not apply to cases proceeding *in forma pauperis*.)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ✓ YES ___ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: 8-30-2000

        2. Parties to previous lawsuit:
            Plaintiff(s) Timothy Randolph Wallace
            Defendant(s) Paul J. Johnson

        3. Court: (If federal, name the district; if state, name the county.) Northern

        4. Cause number: 3-00-CV-1834-H

        5. Name of judge to whom case was assigned: Jeff Koplon

        6. Disposition: (Was the case dismissed, appealed, still pending?) ___

        7. Approximate date of disposition: Dismissed

Rev. 05/15

2

II. PLACE OF PRESENT CONFINEMENT: TDCJ-ID; Montford unit

III. EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure? ✓ YES ___ NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

See motion to file a civil action, (page 4), in reference to an order "In the nature of mandamus", but also filed step 1 pertaining to surgery "which was never returned", either.

IV. PARTIES TO THIS SUIT:

A. Name and address of plaintiff: Timothy Randolph Wallace; Montford unit; 8602 Peach street; Lubbock, Texas 79404.

B. Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: Ken Paxton; Attorney General; P.O. Box 12548; Austin, Texas 78711-2548.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He is obstructing justice in defending the wrongful acts of his subordinates in violation of the authorities cited.

Defendant #2: Brad Livingston; Director, (chief of security); TDCJ-ID; P.O. Box 99; Huntsville, Texas 77342.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He is obstructing justice in defending the wrongful acts of his subordinates in violation of the authorities cited.

Defendant #3: Leon Guinn; Director, (internal affairs); (O.I.D.); P.O. Box 4003; Huntsville, Texas 77342-4003.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He is obstructing justice in defending the wrongful acts of his subordinates in violation of the authorities cited.

Defendant #4: William Gonzoley, M.D.; Medical director; Texas Tech University Health Science center; 3223 S. Loop 289; Suite 240; Lubbock, Texas 79423.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He is obstructing justice in defending the wrongful acts of his subordinates in violation of the authorities cited.

Defendant #5: Allan Polunski; chairman - Texas Criminal Justice policy council; P.O. Box 13332; Austin, Texas 78711-3332.

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

He is obstructing justice in defending the policies in effect in all areas of this complaint, (in reference to the violation of plaintiff's constitutional rights).

Rev. 05/15

V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

This is a § 1983 Civil Rights Complaint action filed by Timothy Randolph Wallace, with a jury demand, a state prisoner, alleging violation of his constitutional rights and seeking money damages, declaratory judgment, and injunctive relief. The plaintiff requests a trial by jury.

Jurisdiction

1. This is a civil rights action under 42 U.S.C. § 1983. This court has jurisdiction under 28 U.S.C. § 1343. Plaintiff also invokes the pendent jurisdiction of this

VI. RELIEF:

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Wherefore, plaintiff requests this Honorable court grant the following relief:

VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

_____

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

328415; 537868; 894160

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ✓ YES ___ NO

B. If your answer is "yes," give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (if federal, give the district and division): Western district, Waco division
2. Case number: W-00-CA-290
3. Approximate date sanctions were imposed: November 2d, 2000
4. Have the sanctions been lifted or otherwise satisfied?  ✓ YES ___ NO

Rev. 05/15

C. Has any court ever warned or notified you that sanctions could be imposed? ✓ YES ___ NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

   1. Court that issued warning (if federal, give the district and division): nothern district, Dallas division

   2. Case number: 3:02-CV-1807-m

   3. Approximate date warning was issued: March 27, 2003.

Executed on: 9-8-2016
DATE

Timothy Randolph Wallace
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this 8th day of September, 20 16.
(Day)            (month)              (year)

Timothy Randolph Wallace
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

Rev. 05/15

PREVIOUS LAWSUITS CONT'D

1. Approximate date of filing lawsuit: August 10, 2002
2. Parties to previous lawsuit:
   PLAINTIFF(S) Timothy Randolph Wallace.
   DEFENDANT(S) Jamie Cockrell, Leon Guinn, Debbie S. Holmes, Kelly L. Gatewood, Allan Polunski, Paul J. Johnson, Sean Harris, Robert Treon.
3. Court: Northern
4. Docket Number: 3:02-CV-1807-M.
5. Judge: Irma Ramirez.
6. Disposition: Dismissed
7. Approximate date of disposition: March 27, 2003.

---

1. Approximate date of filing lawsuit: Unknown.
2. Parties to previous lawsuit:
   PLAINTIFF(S) Timothy Randolph Wallace.
   DEFENDANT(S) Unknown.
3. Court: Northern
4. Docket Number: 3:03-MC-32-R.
5. Judge: Wm. F. Sanderson, Jr.
6. Disposition: Denied leave to file complaint.
7. Approximate date of disposition: April 10, 2003.

---

1. Approximate date of filing lawsuit: Unknown.
2. Parties to previous lawsuit:
   PLAINTIFF(S) Timothy Randolph Wallace.
   DEFENDANT(S) Janie Cockrell.
3. Court: Northern
4. Docket Number: 3:02-CV-2055-L.
5. Judge: Sam A. Lindsay.
6. Disposition: Dismissed without prejudice.
7. Approximate date of disposition: March 27, 2003.

---

1. Approximate date of filing lawsuit: May 26, 2003.
2. Parties to previous lawsuit:
   PLAINTIFF(S) Timothy Randolph Wallace.
   DEFENDANT(S) Doug Drethe, Leon Guinn, Allan Polunski, William Gonzales.
3. Court: Northern
4. Docket Number: 3:02-CV-2739-M.
5. Judge: Barbara M. G. Lynn.
6. Disposition: Dismissed.
7. Approximate date of disposition: Unknown.

---

1. Approximate date of filing lawsuit: Unknown.
2. Parties to previous lawsuit:
   PLAINTIFF(S) Timothy Randolph Wallace.
   DEFENDANT(S) Doug Drethe, Leon Guinn, Allan Polunski, Kelly L. Gatewood, Debbie S. Holmes.
3. Court: Northern
4. Docket Number: 1:04-CV-084-C.
5. Judge: Barbara M. G. Lynn.
6. Disposition: Dismissed with prejudice.
7. Approximate date of disposition: May 12, 2005.

---

Plaintiff additionally filed eleven, (11), other lawsuits, (to his knowledge), for which he only has the case numbers, which are as follows: Case Nos. 3:1993CV01293; 7:1996-CV00156; 7:1996CV00265; 7:1996CV00290; 3:1996CV02973; 3:1998CV01627 and 3:2000CV01834.
Case Nos. 9:1994CV0029 and 9:1991CV00055.
Case Nos. 3:1994CV00652 and 4:1997CV00229.

Statement of Claim (cont'd)

court in reference to 42 U.S.C §'s 1984-2; 1985: 2-3; 39.02-04 of the Texas penal codes and Texas constitution article 5, section 8.

2. At all times relevant to this complaint the defendants have acted under color of state law.

## Parties

3. Plaintiff Timothy Randolph Wallace is presently incarcerated in TDCJ-CID at the Montford unit.

4. Defendant Paxton is the Attorney General of Texas, (the defendants' "Commander-in-chief", and is sued in his individual and official capacities.

5. Defendant Livingston is "director of TDCJ-CID, (chief of security), and is sued in his individual and official capacities.

6. Defendant Gwinn is director of internal affairs, (O.I.G.), and is sued in his individual and official capacities.

7. Defendant Gonzalez is sued in his official capacities as the medical director.

8. Defendant Polunski is sued in his individual and official capacities as the policy council chairman.

## Set of Facts

9. Several inmates of other races jumped on plaintiff three days after plaintiff was told he could not be moved, (see motion to file civil action), and it was resolved he should be moved to a different building to resolve life endangerment issues, and then told he had to move back to that same building a few months later, at which time he was refused a different cell and a disciplinary was falsified to state he was offered other cell assignments and not allowed to make a statement on that case or attend the hearing, and then was not allowed to attend the hearing for two, (2), other disciplinary cases that arose from "life endangerment" issues.

10. When the events described in paragraph 9 occurred, plaintiff was currently suffering from a "double-hernia" in his "pelvic area", and had been for 6 months at the time he was first jumped on by other inmates, and plaintiff is still waiting for surgery 10 months after

(2)

## Statement of Claim (Cont'd)

being jumped on by other inmates.

11. Some other disciplinary reports were falsified against plaintiff and plaintiff has been on cell restriction since April of 2016 and is still on restriction for months in violation of the disciplinary rules, (see plaintiff's motion to file a civil action), and plaintiff has been in pain for months and denied all pain medication except "ibuprofen" and has suffered from "severe mental anguish" over the past 16 months because of "medical" and "disciplinary" issues and plaintiff has been refused a "polygraph" from "internal affairs" although he has requested one pertaining to disciplinary issues as described in this complaint and plaintiff is "still waiting" indefinitely for surgery.

## Cause of Action

12. Paragraphs 9-11 show a "breach of duty" owed to the plaintiff in violation of the eighth amendment, penal codes, Texas constitution and the "equal protection of the laws" in violation of amendment XIV [1868] and Fourteenth Amendment for denial of due process of law in reference to disciplinary issues presented.

## Relief (Cont'd)

13. Plaintiff requests a declaratory judgment that he should receive the following under 28 U.S.C. 2201 and 2202:
   a) Restricted cell assignment; (see motion to file civil action);
   b) Surgery immediately; (see motion to file civil action);
   c) Polygraph from O.I.A.; (see motion to file civil action);
   d) Spears hearing; (see motion to file civil action);
   e) Order "In the nature of mandamus"; (see motion to file civil action);
   f) Appointment of counsel; (see motion to file civil action);
   g) Attorneys fees as cost of suit; (see motion to file civil action);
   h) Leave to proceed under Ch. I.P. for "life endangerment" issues; (see motion to file a civil action);
   i) Money damages in the amount of $250,000.00 for mental anguish, pain, and suffering; (see motion to file a civil action);
   j) An injunction under F.R.C.P. 82(b); (see motion to file a civil action);
   k) Whatever other relief court feels plaintiff is entitled "in the interests of justice.

Respectfully submitted,
Timothy Randolph Wallace #894260
Montford unit - (B-2-38)
8602 Peach Street
Lubbock, Texas 79404

(3)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

TIMOTHY RANDOLPH WALLACE, )
ID #894160, )
    Plaintiff, )
     )
vs. ) No.3:02-CV-1807-H
JANIE COCKRELL,Director, )
Texas Department of Criminal )
JUStice,Institutional Division,et al., )
    Defendants. )

FILED
MAR 27 2003

## JUDGMENT

This action came on for consideration by the Court,and the issues issues having been duly considered and a decision duly rendered,
It is ORDERED,ADJUDGED and DECREED that:
1.The instant action filed under 42 U.S.C.§ 1983 is DISMISSED without prejudice for the failure of plaintiff to seek and obtain pre-approval from the Court to file this action as previously sanctioned by the Western District of Texas.Plaintiff may not re-file this action or any other civil action without first obtaining leave of court.
2.The Clerk of the Court shall refund plaintiff the $150 filing fee paid in this action.
3.The Clerk of the Court shall accept no future civil actions submitted by plaintiff for filing,either directly or indirectly, by transfer,unless attached to a motion for leave to file such action is a copy of the November 21,2000 sanction order (attached hereto)and the Judgment entered in this case.If plaintiff attempts to file a civil action without the required motion or attachments,the Clerk of the Court is directed to return the unfiled documents to plaintiff with a copy of the Judgment entered in this case.

4. In addition, because plaintiff is barred from proceeding in forma pauperis by the three strikes provisions of the PLRA, the Clerk of the Court shall accept no future civil actions submitted by plaintiff for filing, either directly or indirectly, by transfer, unless accompanied by the requisite filing fee or a separate affidavit or declaration that demonstrates that plaintiff is in imminent danger of serious physical injury. If plaintiff attempts to file a civil action without the required fee or separate affidavit or declaration, the Clerk of the Court is directed to return the unfiled documents to plaintiff with a copy of the Judgment entered in this case.

5. Plaintiff is hereby admonished that providing any false or misleading information to this Court or any other federal court may result in additional sanctions, up to and including monetary sanctions and/or the dismissal of his action with prejudice.

6. Plaintiff is further admonished that he should consider the above sanctions applicable to civil actions sought to be filed in any federal court, unless he receives notice that the court receiving his proposed filing will not give effect to the sanction orders of this Court.

7. For any documents returned to plaintiff unfiled, the Clerk of the Court shall keep a received stamped copy of the proposed filing so that the Court will have a record in the event it deems further sanctions are in order for abusive litigation practices by plaintiff. For any documents filed by the Clerk of the Court, th the Clerk shall of course follow standard operating procedures.

8. The Clerk of the Court shall also transmit a true copy of this Judgment and the Order Accepting the Supplemental Fin Findings and Recommendation of the United States Magistrate Judge to plaintiff.

SIGNED this 27 day of March, 2003.

Judge's signature here
_____
UNITED STATES DISTRICT JUDGE

2

FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
NOV 21 2000

TIMOTHY RANDOLPH WALLACE §
TDCJ #094160, §
    Plaintiff, §
     §
v. § Civil No. W-00-CA-290
C.W.MANNING, et al, §
    Defendants. §

ORDER

On this date the Court considers Plaintiff's application to proceed in forma pauperis("IFP")in a lawsuit filed pursuant to 42 U.S.C. § 1983.Plaintiff,a prisoner incarcerated in the Texas Department of Criminal Justice,Institutional Division("TDCJ-ID), submitted with his IFP application a form complaint in which he indicated that he had previously filed only one other lawsuit in federal or state court relating to his imprisonment.Plaintiff was instructed that,if there was more than one lawsuit,he should describe the additional lawsuits on another piece of paper.Plaint Plaintiff attached several additional pieces of paper to the form complaint,but none described any additional lawsuits he had filed filed.The form complaint contains a warning that any false or deliberately misleading information provided in response to the questions would result in the imposition of sanctions,which could include,but are not limited to monetary sanctions and/or dismissal of the action with prejudice.

A search of the docket records for all of the federal district courts under the jurisdiction of the United State Court of Appeals for the Fifth Circuit revealed that,prior to submitting this case for filing,this Plaintiff,TIMOTHY RANDOLPH WALLACE,TDCJ #s 094160,739841 and

---

Although Plaintiff originally filed three(3)cases in the Northr Northern District of Texas under Dallas County Jail #98003682, the docket record in Case No.7:1996CV00156 indicates that

federal courts while he was incarcerated or detained,seven(7) cases in the Northern District of Texas,two(2)cases in the Eastern District of Texas and two(2)cases in the Southern District of Texas.

The docket records in three(3)of the previously filed cases revealed the following :(1)in Case No.3:1993CV01293,Wallace v. State of Texas,the District Court for the Northern District of Texas,Dallas division,dismissed the case as frivolous on September 25,1995(STRIKE ONE),(2)in Case No.3:1996CV02973,Wallace v.City of Grand Prarie,Texas,the district court for the Northern District of Texas,Dallas division,on March 25,1998,dismissed Plaintiff's case with prejudice and several of his claims were dismissed for failure to state a claim upon which relief may be granted(STRIKE TWO);and(3)in Case No.3.2000CV01634,Wallace v.Johnson,the District for the Northern District of Texas,Dallas Division, summarily dismissed Plaintiff's complaint as frivolous on September 25,2000(STRIKE THREE).See Adepegba v.Hammons,103 F.3d 383,387-388(5th Cir.1996)(court discusses what counts as a dismissal or strike under 28 U.S.C. § 1915 (g)).

Title 28 U.S.C. § 1915(g)provides that in no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under § 1915 if the prisoner has,on 3 or more prior occasions,while incarcerated or detained in any facility,brought an action or appeal in a court of

---

Timothy r.Wallace,TDCJ#739041 authorized the payment of filing fees in the case from his inmate trust fund account.The TDCJ inmate trust fund certification submitted by Plaintiff in this case(W-oo-CA-290)lists TDCJ #739041 as one of Plaintiff's previously assigned TDCJ inmate numbers.

Case Nos.3:1993CV01293,7:1996CV00156,7:1996CV00265, 7:1996CV00290,3:1996CV02973,3:1998CV01627 and 3:2000CV01634.

Case Nos.9:1991CV00029 and 9:1991CV00055.
Case Nos.3:1994CV00552 and 4:1997CV00225.

2

the United States that was dismissed on the grounds that it is frivolous,malicious,or fails to state a claim upon which relief may be granted,unless the prisoner is in imminent danger of serious physical injury.Choyce v.Dominguez,160 F.3d 1068,1070(5th Cir.1998).In regard to this Plaintiff,he has,while incarcerated or detained,filed at least three(3)civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.Plaintiff is,therefore, barred from bringing this action IFP,unless he was under imminent danger of serious physical injury at the time that he sought to file his complaint.Choyce,160 F.3d at 1070;Banos v.O'Guin,144 F. 3d 883,884-885(5th Cir.1998).Plaintiff's complaint alleges generally that he was wrongfully convicted of three separate disciplinary cases at the Hughes unit of TDCJ:(1)fighting with another inmate on July 16,2000;(2)striking a black female officer after he threatened to kill himself on July 13,2000,forxwhichxand (3)striking an officer which resulted in a use of force by three (3)black officers on September 11,2000,for which he believes he was denied medical attention.He seems to suggests that these disciplinary cases,the use of force and lack of medical treatment were motivated by the facts that he had filed a lawsuit in "1995 to 1997"challenging TDCJ's policy of forced integration and that he can not adapt to living with black inmates.Plaintiff does not allege that in any of these instances he received any serious physical injury,nor does he allege that he was under imminent danger of serious physical injury at the time he submitted his complaint for filing in forma pauperis.Therefore,the Court finds that Plaintiff was untruthful in his responses to questioNS in the form complaint he used to bring this civil action.The only conclusion that can be made regarding Plaintiff's failure to acknowledge the filing of at least eleven(11) prior lawsuits is that the response was made intentionally in the hope that this lawsuit would slip through unnoticed.The Court finds such actions indicative of the malicious and vexatious conduct that the Prisoner Litigation Reform

3

Act was promulgated to address.Accordingly,it is
ORDERED that Plaintiff's application to proceed in forma pauperis be and is hereby DENIED and this case is DISMISSED with prejudice.It is further

ORDERED that Plaintiff is BARRED,pursuant to 28 U.S.C. § 1915(g),from proceeding in forma pauperis in any civil action or appeal.It is further

ORDERED that the Clerk of the Court not accept any future civil actions submitted by plaintiff for filing,either directly or indirectly by transfer,unless he shall have first obtained prior written consent from a United States District Judge or Magistrate Judge.It is further

ORDERED that any and all motions not previously ruled upon by the Court are hereby DENIED.It is further

ORDERED that the Clerk of the Court send a certified copy of this Order of dismissal and the Judgment to the Texas Dx Department of Criminal Justice,Office of the General Counsel,P.O. Box 13084,Capital Station,Austin,Texas 78711.

SIGNED this 21st day of November,2000.

Judges signature here
_____

WALTER S. SMITH,JR.
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT   SOUTHERN DISTRICT OF TEXAS

Timothy Wallace
    Plaintiff/Petitioner          §
                                           §
*versus*                                  §   Case Number: ▆▆▆▆▆▆▆▆
                                           §
Brad Livingston, et al.
    Defendant/Respondent(s)     §

## Consent to Proceed Before a Magistrate Judge

All parties to this case waive their right to proceed before a district judge and consent to have a United States Magistrate Judge conduct all further proceedings, including the trial and judgment. 28 U.S.C. § 636(c).

*Timothy Randolph Wallace*

## Order to Transfer

This case is transferred to United States Magistrate Judge

_____ to conduct all further proceedings, including final judgment.

Date                                       United States District Judge